# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARVIN KRONA,

        Plaintiff,

v.

D.O.C., *et al.*,

        Defendants.

Case No. C17-0404-RAJ-MAT

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND

    Plaintiff Marvin Krona has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS as follows:

    (1)    Plaintiff is a Washington prisoner who is currently confined at the Monroe Correctional Complex (MCC) - Special Offender Unit (SOU). Plaintiff's claims are somewhat difficult to discern, however, they appear to relate to a chance meeting between plaintiff and his ex-fiancée in 2014 while plaintiff was confined at the MCC - Twin Rivers Unit. (*See* Dkt. 4-2 at 3.) According to plaintiff, his ex-fiancée was working in the sex offender program at the time he ran into her. (*Id.*) The ending of the relationship was apparently quite difficult for plaintiff,

ORDER DECLINING TO SERVE COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO AMEND - 1

causing him to "spen[d] several years destroying myself" following the break-up. (Dkt. 4-2 at 3.) Plaintiff maintains that he was finally healing from that experience when he ran into in the prison system. (*Id.*) Plaintiff claims that he notified staff of his encounter with his ex- fiancée immediately, but they kept him at the same facility, housing him with sex offenders, for an additional four months, which caused "old wounds" related to the relationship to be "ripped open." (*Id.*) Plaintiff contends that the DOC thereafter began "messing with" him, which apparently included improperly confining him in a mental health unit and interfering with his ability to obtain work release. (*Id.*)

Plaintiff identifies the DOC (Department of Corrections), and four MCC employees as defendants in this action. (*See id.* at 1-3.) Plaintiff seeks relief from this Court in the form of an Order directing that he be sent to work release. (*Id.* at 4.) He also seeks a "full investigation" of his time spent in DOC custody. (*Id.*)

(2) In order to sustain a cause of action under §1983 a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated his civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

/ / /

ORDER DECLINING TO SERVE COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO AMEND - 2

(3) The Court declines to order that plaintiff's complaint be served on defendants because the complaint is deficient in the following respects:

(a) Plaintiff identifies the DOC as a defendant in the caption of his complaint. However, the United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). In addition, it is well established that, under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here. *See Whiteside v. State of Washington*, 534 F.Supp. 774 (D.C. Wash. 1982). Because the DOC is an agency of the State of Washington, any intended claim against the DOC is essentially one against the state itself and is therefore barred under the Eleventh Amendment. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429-31 (1997).

(b) Plaintiff does not identify in his complaint the federal constitutional right he believes was violated by the conduct of defendants, and the facts alleged do not appear to implicate federal constitutional concerns. As far as this Court can discern, plaintiff's complaints involve his housing designation and/or classification status at MCC, and the fact that he has not been sent to work release. However, a prisoner does not have a protected liberty interest in the location of his confinement, *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976), nor does he have a liberty interest in a particular classification status, *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). The Ninth Circuit has also made clear that a prisoner has no constitutional right to rehabilitation and, thus, no constitutional right to participation in a work release program. *See Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir.

ORDER DECLINING TO SERVE COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO AMEND - 3

1989). If plaintiff wishes to proceed with this action, he must identify a viable federal constitutional claim.

      (c)     Plaintiff has not alleged specific facts showing how each named defendant personally participated in causing the harm alleged in the complaint. Assuming plaintiff is able to identify a viable claim for relief, he will also have to set forth specific facts demonstrating that each named defendant personally participated in causing him harm of federal constitutional dimension.

    (4)     Plaintiff may file an amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER DECLINING TO SERVE COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO AMEND - 4

1     (5) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this 8th day of May, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT AND
GRANTING PLAINTIFF LEAVE TO AMEND - 5