UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN KRONA,

           Plaintiff,

   v.

D.O.C., *et al.*,

           Defendant.

Case No. C17-0404-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Marvin Krona has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's original complaint, his amended complaint, and the balance of the record, concludes that plaintiff has failed to state a cognizable ground for relief in this action. This Court therefore recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff Marvin Krona is a Washington prisoner who is currently confined at the Monroe Correctional Complex (MCC) - Special Offender Unit (SOU). On March 15, 2017, plaintiff

REPORT AND RECOMMENDATION - 1

submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) The claims set forth in plaintiff's complaint were somewhat difficult to discern, but they appeared to relate to a chance meeting between plaintiff and his ex-fiancée in 2014 while plaintiff was confined at the MCC - Twin Rivers Unit. (*See* Dkt. 7 at 3.) According to plaintiff, his ex-fiancée was working in the sex offender program at the time he ran into her. (*Id*.) The ending of the relationship was apparently quite difficult for plaintiff, causing him to "spen[d] several years destroying myself" following the break-up. (Dkt. 7 at 3.) Plaintiff stated that he was finally healing from that experience when he ran into his ex-fiancée in the prison system. (*Id*.) Plaintiff claimed that he notified staff of his encounter with his ex- fiancée immediately, but they nonetheless kept him at the same facility, housing him with sex offenders, for an additional four months, which caused "old wounds" related to the relationship to be "ripped open." (*Id*.) Plaintiff also claimed that the DOC thereafter began "messing with" him, which apparently included improperly confining him in a mental health unit and interfering with his ability to obtain work release. (*Id*.)

Plaintiff identified the DOC (Department of Corrections), and four MCC employees as defendants in this action. (*See id*. at 1-3.) Plaintiff requested relief from this Court in the form of an Order directing that he be sent to work release. (*Id*. at 4.) He also requested a "full investigation" of his time spent in DOC custody. (*Id*.)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a claim upon which relief could be granted in this civil rights action. Thus, on May 8, 2017, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint correcting certain specified deficiencies. (Dkt. 8.) Specifically, plaintiff was advised that any intended claims against the DOC were barred under the Eleventh Amendment.

REPORT AND RECOMMENDATION - 2

(*See* Dkt. 8 at 3.) Plaintiff was further advised that he had not identified in his complaint the federal constitutional right that had been violated by the conduct of the named defendants, and that the facts alleged did not appear to implicate federal constitutional concerns. (*Id*. at 3-4.) Finally, plaintiff was advised that he had not alleged specific facts showing how each named defendant personally participated in causing the harm alleged in the complaint. (*Id*. at 4.) Plaintiff was granted thirty days within which to file an amended complaint curing the specified deficiencies. (*Id*.) Plaintiff was thereafter granted an extension of time until July 10, 2017 to file his amended complaint. (Dkt. 10.)

Plaintiff filed a timely amended complaint on July 5, 2017, together with a motion to amend his complaint and over two hundred pages of exhibits. (*See* Dkt. 11.) Plaintiff's amended pleading bears little resemblance to his original pleading, except that many of the defendants remain the same. Plaintiff makes no effort to correct the deficiencies in his original pleading and instead appears to have used the opportunity to amend to set forth additional complaints against additional defendants. Plaintiff appears to assert in his amended pleading that he was assaulted in the mental health units, that he was involuntarily medicated, that he attempted suicide, and that he was infracted and found guilty based on false information. (Dkt. 11 at 3-10.) While plaintiff makes some potentially serious allegations in his amended pleading, he again fails to identify the constitutional rights he believes were violated by the conduct of defendants, and he fails to set forth in his amended pleading coherent and specific facts demonstrating that the named defendants personally participated in causing him harm of federal constitutional dimension. Plaintiff therefore fails to adequately allege a cause of action under § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

/ / /

REPORT AND RECOMMENDATION - 3

## CONCLUSION

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to adequately allege a cause of action under § 1983 in either his original or amended pleadings, this Court recommends that this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 18, 2017**.

DATED this 26th day of July, 2017.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4